In the Matter of the Accounting of Walter Krauss, as Executor of FRED B. SULLIVAN, Deceased.

Surrogate's Court, Kings County, May 22, 1945.

*Vosseler & Donnelly* for executor.

*Ferdinand H. Pease* for New York Life Insurance Company, respondent.

McGAREY, S. Testator died August 30, 1938. He left a will which was proved September 6, 1938, letters testamentary issuing to the nominated executor. The will disposes of the entire estate to a son of testator and contains no other dispositive provisions of any kind.

Upon the judicial settlement of his account, the executor prays that the estate taxes be allocated and that in each case in which property required to be included in the taxable estate has not come into his possession, an order be made directing the payment of the proportionate amount of such taxes by the persons in possession of such property, or by the persons interested in the estate and chargeable therefor pursuant to section 124 of the Decedent Estate Law.

The gross taxable estate included, among other items of property or interests passing by the death of testator, a policy of insurance upon his life, in the face amount of $7,500. By its terms the proceeds of the policy were made payable to a designated beneficiary in thirty-six monthly installments. Upon the death of testator, the insurance company gave the notice required by section 249-cc of the Tax Law to the State Tax Commission, and proceeded to make the payments to the beneficiary in accordance with the terms of the policy. The total amount due under the policy was $5,518 and on August 9, 1941, the company made the last payment so required. Prior thereto, however, and in August of 1939, the executor sent to the insurance company a letter notifying it that it was chargeable in respect to said policy with a proportionate amount of the death taxes, then estimated at $588.44, and that he intended to hold the company liable for the payment of such proportionate amount. It is conceded that the insurance company received such letter, and that on the date of receipt thereof, there was still unpaid to the beneficiary, the sum of $3,598.

The beneficiary of the policy and the insurer thereunder have each been made a party to this proceeding. The former has failed to respond to the citation served upon her, but the latter has appeared and filed an answer, denying any liability to the executor. No dispute exists as to the facts and the sole issue raised by the pleadings is one of law.

The executor relies upon section 124 of the Decedent Estate Law and subdivision (c) of section 826 of the Internal Revenue

Code (U. S. Code, tit. 26, § 826, subd. [c]) as creating liability on the part of the insurance company to him for the prorata share of the taxes allocable to the policy. The latter section permits recovery against the beneficiary only, and cannot be used as a basis for the executor's claim against the insurance company. (*United States Trust Co. of New York* v. *Sears,* 29 F. Supp. 643; *John Hancock Mut. Life Ins. Co.* v. *Helvering,* 128 F. 2d 745; *Marks* v. *Equitable Life Assurance Society,* 135 N. J. Eq. 339.) If liability is to be imposed upon the respondent insurance company authority must be found in section 124. No issue is raised in respect to the power of the Surrogate to direct an insurance company, still in possession of funds due under a policy, at the moment a right to reimbursement is asserted by an estate fiduciary, to direct such payment, nor could such issue be successfully urged. (*Matter of Scott,* 158 Misc. 481, affd. 249 App. Div. 542, affd. 274 N. Y. 538, certiorari denied *sub nom. Northwestern Mutual Life Ins. Co.* v. *Central Hanover Bank & T. Co.,* 302 U. S. 721.) Section 124 places the primary duty of payment of the tax upon executor, and the initial burden upon the estate before its distribution. It then provides in part as follows (§ 124, subd. 1): " In all cases in which any property required to be included in the gross estate does not come into the possession of the executor as such, he shall be entitled, and it shall be his duty, to recover from whomever is in possession, or from the persons interested in the estate, the proportionate amount of such tax payable by the persons interested in the estate with which such persons interested in the estate are chargeable under the provisions of this section, and the surrogate may by order direct the payment of such amount of tax by such persons to the executor."

The respondent insurance company maintains that it is not a person presently in possession of any property or interest belonging to the beneficiary of the policy, and disclaims any liability for the prorata share of the tax allocated to the beneficiary of the policy. If the respondent is correct in the position it has adopted, then no legal effect may be given to the notice given to it in the form of the letter hereinbefore adverted to.

It is the view of the court that the respondent insurance company is not liable to the executor. It is not now in possession of any property or interest to which the beneficiary is entitled. The text of section 124 insofar as it subjects persons in possession of property or interests of persons against whom a share of the tax has been charged, to liability therefor, is expressed in the present tense.

The executor's right to recover must therefore be dependent upon continued possession to the date when the right of recovery is asserted in an appropriate action or proceeding. If the executor's right to reimbursement may be enforced at any time against persons in possession of taxed property then the latter are in effect constituted withholding agents for the former's benefit. When the provisions of section 124 are read in the light of the provisions of section 249-cc of the Tax Law it is readily apparent that such result was not intended by the Legislature. The very purpose of and benefits sought to be conferred by such recognized means of transmitting property at death, as joint and trust savings bank accounts and insurance proceeds payable to designated beneficiaries would in large degree be thwarted by such construction. The burden thereby imposed upon banks, insurance companies, or other persons falling within the meaning of persons in possession of property or interests, included in the taxable estate, would justify their adopting such protective measures, as withholding a substantial portion of the taxed property or interest, until the exact liability for tax contribution had not only been determined, but demand for payment thereof formally asserted. When consideration is given to the delay which ensues so often in the final determination of Federal estate tax, it is evident that the effect of sustaining the position of the executor would be so far-reaching as to outweigh the equities existing in his behalf. What the insurance company did in this instance was in entire compliance with the tax law and the terms of the insurance contract. Whether it disregarded the notice of ultimate tax liability intentionally or unintentionally is immaterial. It owed no duty to the executor at the moment of receipt of such notice to withhold any part of the proceeds from the beneficiary until so directed by a decree or order obtained pursuant to section 124 of the Decedent Estate Law. It may not therefore be held liable in this proceeding.

The court is fully cognizant that the effect of the result here reached is to cast a heavy burden upon executors. Upon him is placed the primary duty of paying the tax, and of compelling the beneficiaries of property or interests passing outside the true estate to contribute their equitable share of the tax. The executor may at all times pursue the beneficiary, but while in theory all persons are deemed able to respond for their just obligations, it is far from universally true in practice. The executor must deliver to the residuary legatee the true residuary estate, and not one reduced to the extent of uncollectible

prorata shares of the tax. While it is not necessary here to determine whether the executor or residuary legatee must bear such loss, either result would patently be unjust. In any event the remedy is entirely within the province of the Legislature, and it would appear to this court that need for amendment of section 124 exists, in order that the duty imposed upon the executor of compelling contribution under circumstances similar to those here presented, may be more effectively carried out.

The executor is in any case entitled to a direction to the beneficiary of the insurance policy, requiring her to pay to him the prorata share of the tax allocated to her, and the decree to be entered herein may so provide.

Submit decree on notice in accordance herewith.