In the Matter of the Accounting of MINER W. TUTTLE, as Executor of MELVIN G. PALLISER, Deceased Executor, and WILLIAM DUNKAK et al., as Surviving Executors of BERNHARD ZAHN, Deceased, Respondents.

EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant; ESTATE OF CHARLOTTE E. HIGBY et al., Respondents.

First Department, March 29, 1948.

*Eugene T. O'Neill* of counsel (*Sterling Pierson, Leo D. Fitz-gerald* and *Stuart A. McCarthy* with him on the brief; *Leo D. Fitzgerald,* attorney), for appellant.

*John E. Haigney* of counsel (*Miner W. Tuttle* and *Victor Marans* with him on the brief; *Scandrett, Tuttle & Chalaire,* attorneys), for petitioners-respondents.

*James D. Ewing* of counsel (*Eugene Z. DuBose* with him on the brief; *Alexander & Green,* attorneys), for Life Insurance Association of America, *amicus curiæ.*

CALLAHAN, J. The question presented on this appeal is whether an insurance company paying the proceeds of a policy directly to the beneficiary on death of the insured is liable. to the estate of the latter for that portion of Federal estate tax attributable to the proceeds of such policy and paid by the executor to the Federal taxing authority.

On August 22, 1913, The Equitable Life Assurance Society of the United States insured the life of Bernhard Zahn for the

sum of $50,000. On October 7, 1914, the insurance contract was rewritten to name the insured's wife, Ada E. Zahn, as beneficiary. On October 13, 1914, the policy was assigned to the beneficiary with the proceeds payable to her on surviving the insured. In the event that Ada E. Zahn predeceased her husband, the insurance moneys were payable to the executors of his estate.

The assignment of the policy was executed and delivered pursuant to a separation agreement subsequently incorporated in a decree of divorce in favor of the wife. The separation agreement specifically provided for transfer of the policy and payment of the premiums by the husband during his lifetime in exchange for relinquishment of dower and other rights of the wife.

On May 12, 1937, the insured died. Shortly thereafter the beneficiary-assignee of the policy made claim on the insurer for payment of the proceeds. Within two months after death of the insured the insurance company paid the full amount of the policy to Ada E. Zahn after notification to the State Tax Commission in compliance with the requirements of section 249-cc of the Tax Law then in force and effect. (See L. 1930, ch. 710, § 1.)

On June 14, 1937, the will of Bernhard Zahn was admitted to probate, and letters testamentary were duly issued on his estate. In November, 1939, the executors filed their petition and account of proceedings in the decedent's estate. It appears that the executors were required to pay approximately $25,000 in taxes assessed against the estate due to the inclusion of certain policies of life insurance in the taxable estate, and the proceeds of which never passed through their hands. The schedules, however, did not include the policy involved in this proceeding, although its existence apparently was known to the executors and the United States Bureau of Internal Revenue.

In 1940, and after the death of Ada E. Zahn allegedly insolvent, the Federal Government for the first time claimed on the basis of the decision in *Helvering* v. *Hallock* (309 U. S. 106) that the proceeds of this policy of life insurance should have been included in the gross estate of Bernhard Zahn for Federal estate tax purposes and assessed a tax deficiency of $6,846.91. On May 20, 1941, the attorneys for the executors notified the insurer that they intended to compromise the government's demand. On June 16, 1941, the executors proceeded to consummate an adjustment and settlement of the Federal tax claim and paid the additional assessment.

On April 27, 1945, the executors filed a supplemental petition and account setting forth a new apportionment of the estate taxes and charging the insurance company with the sum of $4,699.92 as the amount of tax allocable to the proceeds of the policy in favor of Ada E. Zahn.

The Surrogate ruled that the insurance company was liable to the executors for the amount of the tax allocated to the policy in question and resulting from its inclusion in the gross estate of the decedent for tax purposes. It was said that the beneficiary of the insurance had an interest in the proceeds only to the extent of any balance after deduction of Federal estate taxes. It was accordingly held that the insurer was obliged to retain sufficient moneys to discharge the tax liability on the amount of insurance, and that the executors upon payment of the same were subrogated to the rights of the government for collection and entitled to reimbursement from the insurance company.

We are constrained to disagree with this conclusion and regard the decision as stemming from a misconstruction of the controlling statutes or their misapplication to the facts of this case.

The provisions of section 124 of the Decedent Estate Law were invoked as a basis for shifting the tax liability to the insurance company, which paid the death claim proceeds directly to the beneficiary-assignee of the policy in this case. The statute, so far as material, reads as follows:

"1. Whenever it appears * * * that an executor * * * has paid a death tax levied or assessed under the provisions of article ten-c of the tax law, or under the provisions of the United States revenue act * * * upon or with respect to any property required to be included in the gross estate of a decedent under the provisions of any such law, the amount of the tax so paid, except in a case where a testator otherwise directs in his will, * * * shall be equitably prorated among the persons interested in the estate to whom such property is or may be transferred or to whom any benefit accrues. * * * For the purposes of this section the term ' persons interested in the estate ' shall have the same meaning with respect to both state and federal taxes as is given it by section two hundred forty-nine-m of the tax law.

" So far as is practicable and unless otherwise directed by the will of the decedent the tax shall be paid by the executor as such out of the estate before its distribution. In all cases in which any property required to be included in the gross estate does not come into the possession of the executor as

such, he shall be entitled, and it shall be his duty, to recover from whomever (sic) is in possession, or from the persons interested in the estate, the proportionate amount of such tax payable by the persons interested in the estate with which such persons interested in the estate are chargeable under the provisions of this section, and the surrogate may by order direct the payment of such amount of tax by such persons to the executor.''

Or briefly stated, '' Section 124 of the Decedent Estate Law provides for an equitable proration by the Surrogate of estate taxes among the persons sharing in the taxable estate, in those cases where the testator does not otherwise direct in his will. Where property required to be included in the gross taxable estate does not come into the possession of the executor as part of the estate, the statute provides that the proportionate amount of the tax chargeable shall be recovered from ' whomever is in possession, or from the persons interested in the estate' * * * and the surrogate may by order direct the payment of such amount of tax by such persons to the executor.' '' (*Matter of Buckman*, 270 App. Div. 707, 709–710, affd. 296 N. Y. 915.)

The class of '' person interested in the estate '' extends to '' all persons who may be entitled to receive or who have received any property or interest which is required to be included in the gross estate of a decedent, or any benefit whatsoever with respect to any such property or interest * * * '' (Tax Law, § 249-m, subd. [g]).

For tax purposes it is provided that the gross estate of a decedent shall include amounts receivable by all beneficiaries under policies of life insurance to the extent that such amounts are required to be included in the gross estate under the provisions of any revenue act of the United States applicable to the decedent's estate (Tax Law, § 249-r, subd. 9).

Thus, the immediate inquiry is whether the tax deficiency assessed by the Federal Government against the proceeds of the policy paid to Ada E. Zahn on the death of her husband is chargeable to the insurance company as a person interested in the estate of the insured or as a person in possession of taxable property within the meaning of the statute (Decedent Estate Law, § 124).

It is clear almost to the point of remarking the obvious that the insurance company is not a person interested in the decedent's estate in the statutory sense. Indeed, the Surrogate in the present proceeding has not made any suggestion to the contrary. Ordinarily it would be unnecessary to dwell on this

aspect of the matter. However, we feel obliged to stress the point by reason of the executors' insistence that the decision of this court in *Matter of Scott* (249 App. Div. 542, affd. 274 N. Y. 538, certiorari denied *sub nom. Northwestern Mutual Life Insurance Co.* v. *Central Hanover Bank & Trust Co.*, 302 U. S. 721) implies a holding that the insurance company is a person having an interest in the estate. On the facts in that case it was not required to determine whether the insurance company came within the classification of a person interested in the decedent's estate. The dissenting opinion expressly rejected any such notion, and nowhere in the majority opinion is this view controverted or disputed. In fact, it seems apparent that this court in the *Scott* case took it for granted and proceeded on the theory that the insurer was not a person interested in the estate of the decedent. In any event we now hold that a person interested in the decedent's estate within the contemplation of the law (Decedent Estate Law, § 124) shall be possessed of a beneficial interest. The insurance company has not received, nor is it entitled to receive any property by reason of the insured's death or in connection with his estate. Though the proceeds of a policy of life insurance forming part of the gross taxable estate must be scheduled in the tax proceedings on the estate of an insured, the beneficiary of the policy is the only one acquiring an interest in the taxable estate at the time of the decedent's death with respect to such funds. In this view of the matter it is manifest that the insurance company cannot in any proper sense be considered a person interested in the estate under section 124 of the Decedent Estate Law and as defined in section 249-m of the Tax Law.

Neither can we accept the contention made by the executors on this appeal that the insurance company is liable to the estate for repayment of the tax assessment in controversy as a person in possession of the taxable property required to be included in the gross estate of the decedent. The right to enforce collection of taxes against others than the recipients or beneficiaries is dependent upon possession of the property subject to taxation (Decedent Estate Law, § 124). In July, 1937, the insurance moneys in this case were paid to the beneficiary-assignee of the policy. If the statute authorizes the recovery of taxes paid by the executors only from third parties in possession of the taxable property at the time of application for apportionment, it cannot be doubted that no basis exists on which to predicate a claim for reimbursement against the insurance company surrendering **possession of** the taxable funds to the **beneficiary-assignee of**

the policy many years prior to the institution of the apportionment proceedings. We are persuaded that the use of the present tense in the statute providing for the collection of taxes " from whomever is in possession " of the taxable property reflects a legislative purpose to impose liability for reimbursement upon those in possession of such property at the time of the application for a proration of tax. (See *Matter of Sullivan,* 185 Misc. 21.)

However, on this phase of the matter the Surrogate adhered to a contrary view on the basis of what he evidently regarded as the principles established in *Matter of Scott* (158 Misc. 481, affd. 249 App. Div. 542, affd. 274 N. Y. 538, certiorari denied *sub nom. Northwestern Mutual Life Insurance Co.* v. *Central Hanover Bank & Trust Co.,* 302 U. S. 721, *supra*). The *Scott* case was considered as having determined that the insurance fund was segregated into two components at the moment of the insured's death consisting of moneys due to the sovereign as taxes and the balance payable to the beneficiary as the proceeds of the policy. Accordingly, the executors having paid the taxes were held to be entitled to recover the sovereign's share of the insurance proceeds deemed to be still in the hands of the insurance company in contemplation of law.

Under the factual situation of this case it would seem that the emphasis placed on *Matter of Scott (supra)* was a mistaken reliance on the holding in that case. Regardless of the rationale of the original decision (158 Misc. 481), it is at least clear from the decision of this court (249 App. Div. 542) that the *Scott* case was regarded as dealing with the situation where a contract obligation on the part of the insurer to pay insurance funds to a policy beneficiary still subsists at the time of the apportionment proceeding and the insurance company is in possession of the taxable property. There the decedent had directed under settlement options contained in the policies that the net proceeds be retained by the insurance company and paid to the beneficiaries in designated installments over a period of years. The question for determination was whether the insurance moneys held by the insurer under the agreement to make payment in installments constituted property in the possession of the insurance company in the absence of segregation from its general assets. This court proceeded to analyze the legal effect of a bookkeeping transfer of the insurance proceeds by the insurer to itself for the purpose of providing a means for payment of the installments and held that the result was to put the insurance company in possession of taxable funds or property within the

purview of section 124 of the Decedent Estate Law. The decision was based in part upon the language of the settlement options in that case, and the right of the executor to reimbursement from the insurance company was upheld on the theory that the latter was still in possession of the taxable property at the time when application was made for apportionment of taxes.

We consider that the effect of the decision in the instant case is to make the insurance company a withholding agent to the extent of the taxes assessed by the Federal Government against the proceeds of the policy payable to the decedent's wife. It is true that a transfer of insurance moneys to a beneficiary on death of an insured has been rendered a taxable transfer of property under the law. Undoubtedly the sovereign imposing such tax might burden an insurance company holding the proceeds of the policy with duties appropriately designed for the protection of the government and to assure collection of the tax. We may have an instance of this in the present provisions of section 249-cc of the Tax Law (as amd. by L. 1940, ch. 586; L. 1941, ch. 313) permitting the payment of insurance moneys not exceeding $20,000 merely upon the mailing of notice to the State Tax Commission. Certainly it is safe to say that the insurance company was not a withholding agent for the State in respect to taxes on insurance proceeds under the law (Tax Law, § 249-cc; as added by L. 1930, ch. 701, § 1) prior to the 1940 amendment aforesaid and might make payment of such proceeds without limitation of amount upon compliance with the procedural requirements as to notice. The provisions of this section are in effect a statutory waiver and consent to payment of insurance funds on the giving of the prescribed notice to the agency charged with the collection of taxes owing to the State. It has already been pointed out that the payment of the insurance proceeds to the beneficiary-assignee of the policy in this case was made in July, 1937, and that the insurance company fully complied with the requirements of section 249-cc of the Tax Law as enacted at that time. Of course, this compliance with the statute would operate to absolve the insurer from liability with respect to State taxes on an apportionment proceeding under section 124 of the Decedent Estate Law.

The Surrogate, however, deemed the provisions of the Tax Law (§ 249-cc) to be irrelevant on this proceeding for apportionment of a Federal impost and held that the insurance company was liable for the amount of the Federal taxes assessed against the insurance proceeds in question. Approaching the

problem from this standpoint, the pertinent inquiry is whether the insurer has been constituted a withholding agent for taxes chargeable to insurance moneys under the relevant Federal statutes as construed by the courts.

The proceeds of insurance on the life of a decedent are required to be included in the gross estate for Federal tax purposes as provided by statute (Internal Revenue Code, § 811, subd. [g]; U. S. Code, tit. 26, § 811, subd. [g]). In 1937, the provisions of the law (Internal Revenue Code, § 826, subd. [c]; U. S. Code, tit. 26, § 826, subd. [c]) with respect to liability for payment of taxes on insurance proceeds read as follows:

" *Liability of life insurance beneficiaries.*

" If any part of the gross estate consists of proceeds of policies of insurance upon the life of the decedent receivable by a beneficiary other than the executor, the executor shall be entitled to recover from such beneficiary such portion of the total tax paid as the proceeds, in excess of $40,000, of such policies bear to the net estate."

The lien for Federal tax on insurance proceeds included in the gross estate of a decedent was imposed under subdivision (b) of section 827 of the Internal Revenue Code (U. S. Code, tit. 26, § 827, subd. [b]), which at the time relevant to the purposes of this case provided as follows: " * * * if insurance passes under a contract executed by the decedent in favor of a specific beneficiary, and if * * * the tax in respect thereto is not paid when due, then the * * * beneficiary shall be personally liable for such tax, and such property * * * to the extent of such beneficiary's interest under such contract of insurance, shall be subject to a like lien equal to the amount of such tax."

In *John Hancock Mut. Life Ins. Co. v. Helvering* (128 F. 2d 745) Judge Vinson (now Chief Justice of the United States) had occasion to analyze the provisions of the Federal law and construed the statute pertinent to our inquiry as follows (pp. 746, 748):

" The statute proceeds to impose a lien * * * to the extent of the *beneficiary's interest* under the *insurance* contract. It is clear that an insurance beneficiary is liable. The structure of the subsection is very persuasive that, where insurance is involved, he is the only one who is personally liable. (Italics in original.)

" * * * Thus we think that Congress said in this subsection that the only transferee, in the case of insurance, is the beneficiary.

" That Congress intended the beneficiary to be liable but not the insurance company is further illustrated, we believe, by Section 314.

" * * * The statute has no similar provision allowing the executor to recover from an insurance company. Likewise, the statute has no complementary provision that where an insurance company pays the tax it may proceed against the beneficiary. * * *

" This, in our opinion, shows that Congress was aware of the special nature of an insurance estate. Insurance had to be included in the gross estate to make the estate tax work, but because of its character it could not be treated exactly like other estate property, and it was not desirable to employ the same terminology.

" What has already been considered convinced us that Congress meant that the beneficiary alone was to be liable in the case of the insurance estate. * * * " To the same effect are such cases as *Commercial Trust Co. of N. J.* v. *Thurber* (136 N. J. Eq. 471) and *Marks* v. *Equitable Life Assurance Society,* 135 N. J. Eq. 339).

Thus, it would appear that the Federal Government did not reserve any right to collect from an insurance company the amount of taxes on insurance moneys included in the gross taxable estate of a decedent and payable to a specific beneficiary, nor has it a right to enforce its lien for such taxes against the insurer. Furthermore, under the Federal law an executor who has paid the amount of such taxes is afforded a right to reimbursement from the insurance beneficiary alone. Accordingly, when we consider that the Federal Government has reserved for itself no right to collect the amount of the tax deficiency from the insurance company in this case, the premise upon which the Surrogate based the executors' right to subrogation is destroyed.

In resumé, we conclude that section 124 of the Decedent Estate Law may not be construed as authorizing the executors to secure reimbursement from the insurance company, which paid the insurance proceeds to the specific beneficiary-assignee of the policy in 1937, and before any application was made for apportionment of taxes. The Legislature clearly indicated a contrary intention as to State taxes in enacting section 249-cc of the Tax Law (L. 1930, ch. 710, § 1). It seems highly improbable that it contemplated a different rule with respect to Federal taxes in an apportionment proceeding under section 124 of the Decedent Estate Law, especially in view of the fact that

the Federal law imposed no lien for taxes on life insurance proceeds in the hands of an insurer. To hold otherwise would require an insurance company to retain the death claim proceeds of an insurance policy regardless of amount until the taxes on the insured's estate should be determined and their payment secured. This would so drastically curtail the rights of insurance beneficiaries and interfere with the proper functioning of the insurance business that we cannot conceive that the Legislature intended any such result to follow the adoption of section 124 of the Decedent Estate Law enacted with section 249-cc of the Tax Law as co-ordinate statutes to carry out the recommendations of the commission to correct defects in the law of estates. (See McKinney's Tax Law, Note of Commission, p. 229.)

In view of this conclusion it becomes unnecessary to discuss the other questions raised in the briefs.

The decree should be reversed, without costs, the petition dismissed and the matter remitted to the Surrogate of the County of New York for further action in accordance with this opinion.

DORE, J. P., COHN, VAN VOORHIS and SHIENTAG, JJ., concur.

Decree unanimously reversed, without costs, the petition dismissed and the matter remitted to the Surrogate of the County of New York for further action in accordance with opinion. Settle order on notice.