### WEST COAST LIFE INS. CO. v. TWOGOOD et al.

No. 8746.

United States District Court S. D. California, Central Division.

April 18, 1949.

Adams, Duque & Hazeltine, of Los Angeles, Cal., for plaintiff.

Button & Herzog, of Hollywood, Cal., for defendant Theresa E. Twogood and others.

O'Helveny & Myers, of Los Angeles, for defendant Frances F. Twogood.

HALL, District Judge.

This is an action in interpleader under 28 U.S.C.A. §§ 1335 and 2361.

The plaintiff deposited $6,301.00 in court. It was the proceeds on a life insurance policy, issued by the plaintiff to Frederick John Twogood, Sr., wherein the beneficiaries at the time of his death were designated to be his three children Lucille, Frederick, Jr., and Louise. The decedent died on or about April 28th, 1944.

The adverse claimants designated as defendants are said three children, and Frances F. Twogood, the wife of the decedent at the time of his death, (sued both individually and as Executrix of the Estate of said decedent) and Theresa E. Twogood, the former wife of the decedent, and the mother of said three children. The action was filed October 13th, 1948, and on February 7th, 1949, a decree in interpleader was made discharging the insurance company, and making an award of attorney fees.

The defendant, Theresa E. Twogood, mother of the three children, answered and disclaimed any interest in the insurance policy, alleging that subsequent to the death of the decedent, she had, on or about March 14, 1945, furnished the plaintiff with a written waiver and consent whereby she relinquished all her interest in the policy or proceeds thereof in favor of the said three children, Lucille, Frederick Jr., and Louise. This is not denied.

The defendant, Frances F. Twogood, individually, and as Executrix of the Estate of Frederick John Twogood, Sr., admits that the children were named as beneficiaries in said policy, and does not claim the entire proceeds of the policy, but asserts in substance that as Executrix she is in litigation with the United States concerning an asserted claim for a deficiency in Federal Estate taxes on the estate of the deceased

712

of which she is Executrix, and further asserts that the portion which would be allocable to and payable by the three beneficiaries if they are liable, would be in excess of the sum of $1,000.00, and prays that the sum of $2,000.00 be retained in this court, until she shall conclude her dispute with the Internal Revenue Bureau of the United States and at that time an order be made directing that the correct amount be allocated against such fund and paid to her.

The three children, beneficiaries under the policy, filed an answer claiming the entire proceeds and asserted a cross-claim against the defendant Frances F. Twogood, individually, and as Executrix. The substance of this asserted cross-claim is, after reciting the marital relationships between the deceased and Theresa Twogood and Frances Twogood, that after the death of the deceased in 1944, demands were made upon the plaintiff Insurance Company for the proceeds of the policy by said three children; that due to counter-demands by the defendant Frances Twogood, not only upon the Insurance Company, but upon the former employer of the deceased, Standard Vacuum Oil Company, (who held possession of the policy) that before Executrix would consent to the surrender of the policy to the Insurance Company, or the payment of the proceeds thereof to the three children beneficiaries, it would be necessary for them to execute a waiver on another life insurance policy which the deceased had at the time of his death in the same insurance company; and that because of such actions by the defendant, Frances F. Twogood, the plaintiff insurance company failed for the period from the date of the death, in 1944, until the deposit in court, in 1948, (a period of more than three years) to make the proceeds available to said children, and that as a result thereof, said children beneficiaries have been damaged in an amount equal to the interest at the rate of seven per cent (7%) per annum on the proceeds of the policy from May 2nd, 1945, the date when the defendant Executrix advised the defendant she had instructed the possessor of the policy not to deliver it to the insurance company.

The matter comes before the court today on the motion of the defendants, children beneficiaries, to dismiss the cross-claim of the Executrix, asking that the sum of $2,-000.00 be retained in court until further order of the court as above mentioned, and also for hearing on a counter motion of the defendant Executrix to strike the cross-claim of the three children.

The motion of the children beneficiaries to dismiss the cross-claim of the Executrix, Frances F. Twogood must be granted.

The liability of life insurance beneficiaries for an estate tax does not exist and cannot exist until a tax has been *paid*. And this is true whether the liability be asserted under Sec. 826(c)[1] of the United States Internal Revenue Code, 26 U.S.C.A. § 826(c), or under Section 124[2] of the

---

[1] Section 826(c) Internal Revenue Code.

"(c) Liability of life insurance beneficiaries. Unless the decedent directs otherwise in his will, if any part of the gross estate upon which tax has been paid consists of proceeds of policies of insurance upon the life of the decedent receivable by a beneficiary other than the executor, the executor shall be entitled to recover from such beneficiary such portion of the total tax paid as the proceeds of such policies bear to the sum of the net estate and the amount of the exemption allowed in computing the net estate, determined under section 935(c)."

[2] Section 124 Decedent Estate Law of the State of New York. "Whenever it appears * * * that an executor * * * has paid a death tax levied or assessed * * * under the provisions of the United States revenue act * * * the amount of the tax so paid * * * shall be equitably prorated among the persons interested in the estate. * * *

"So far as is practicable and unless otherwise directed by the will of the decedent the tax shall be paid by the executor as such out of the estate before its distribution. In all cases in which any property required to be included in the gross estate does not come into possession of the executor as such, he shall be entitled, and it shall be his duty, to recover from whomever is in possession, or from the persons interested in the estate, the proportionate amount of such tax payable by the persons interested in the estate with which such persons interested in the estate are chargeable under the provisions of this section * * *."

Decedent's Estate Law of the State of New York, McK.Consol.Laws, c. 13, or Section 970 [3] of the Probate Code of the State of California.

None of these statutes give a right against a fund such as the proceeds of a life insurance policy, but gives a personal right of action against the beneficiaries. For instance 826(c) of the U.S.Internal Revenue Code provides that when the "tax has been *paid* * * * the executor shall be entitled to recover *from such beneficiary* * * *" (italics supplied). Moreover, the Section is headed: "Liability of life insurance *beneficiaries*". The cases are uniform that the Executor cannot sue until after payment of taxes, and are also uniform in holding that the Executor has no cause of action against an insurance company holding funds for designated beneficiaries, and that the right of the Executor to recoupment is a personal right of action against the beneficiaries when, if ever, the tax has been paid. John Hancock Mutual Life Insurance Company v. Helvering, 76 U.S.App.D.C. 6, 128 F.2d 745; In re Sullivan's Estate, Sur., 55 N.Y.S. 2d 702; In re Zahn's Estate, 273 App.Div. 476, 77 N.Y.S.2d 904.

▮ That being so, the right of the beneficiaries of Life Insurance Policies to receive the proceeds thereof, cannot be circumvented by the insurance company holding the money for an indefinite period, (more than three years after death and claim by beneficiaries in this case) and then when unliquidated claims for taxes which might never be paid are presented to the insurance company, by depositing the money in court and washing its hands of the whole situation. The right of the executor to proceed against the fund when it is in the hands of the court, is no greater than it is when the fund is in the hands of the insurance company.

Nor are the claims of the Executrix to equitable relief in this interpleader action, entitled to any consideration. It appears from the pleadings, and is undenied that the insured died on or about April 28th, 1944. The funds were held by the Insurance Company for more than three years, before filing the interpleader action which was done on October 13th, 1948. It appears beyond dispute that the Executrix has not paid the Federal Estate Tax, and that the matter is in litigation, and that she simply desires that a guessed sum of money as possible proportionate liability of the beneficiaries of the insurance policies be retained by this court, so that if, per adventure, at some time in the future the Executrix does have to pay a tax, she will then have this fund to levy upon. The difficulty with this situation is that in the first place no tax may ever be paid by her, and in the second place it does not appear that the beneficiaries would not pay without a suit in the event any demand was ever made upon them. The allegations of possible dissipation by the beneficiaries are too frail and speculative to support the exercise of the powers of this court in any order withholding from them the proceeds of the policy during this litigation and possible tortious course of the tax litigation in which the Executrix is involved. To use the broad equity powers of this court and thwart the desires of a deceased that the proceeds of life insurance should go to his children by requiring the money to be held here in court for an indefinite period on an indefinite obligation would set a precedent, which if followed could tie up for indefinite periods of possible litigation all proceeds of all life insurance policies. The equities are not only not in favor of the Executrix, but are in favor of the beneficiaries who have been deprived for more than three years already of the proceeds of the life insurance policy by the combined actions of the plaintiff insurance company, and the Executrix.

▮ The motion to strike the crossclaim of the children beneficiaries is good and must be granted. From the allegations

<hr>

[3] Section 970 Probate Code of State of California. "Whenever it appears upon any accounting, or in any appropriate action or proceeding, that an executor, administrator, trustee or other fiduciary has paid an estate tax to the Federal Government * * * the amount of tax so paid * * * shall be equitably prorated among the persons interested in the estate * * *."

714

of the cross-claim it appears that if there is any liability it is a tort liability on the part of the Executrix. If there is liability for interest on the proceeds of the policy for failure to have paid it or deposited it in court, it seems to me that that liability would exist against the insurance company only. It cannot be asserted in this interpleader as a tort claim against the Executrix.