## 32846.   FRANKLIN *v*. POPE.

DECIDED MAY 30, 1950.

732

*Cecil D. Franklin,* for plaintiff in error.

*W. W. Mundy Jr., Arnold, Gambrell & Arnold,* contra.

MacIntyre, P. J.   It appears from the evidence stipulated that all of the bonds for which the plaintiff brought her action of trover were purchased during the years of 1942 and 1943 by John B. Baker, who was at that time the lawful husband of the plaintiff.   The plaintiff was designated in each of the bonds as the beneficiary to whom payment was to be made upon the death of Baker.   Two of the bonds, which were included in the case by stipulation, were purchased by Baker during the same period of time as the other bonds and were registered in the names of Baker and the plaintiff, as co-owners.   Each of the bonds provided that it was issued "pursuant to Treasury Department Circular No. 653, Revised, dated June 1, 1942, to which reference is made for a statement of the rights of holders, as fully and with the same effect as herein set forth."   The pertinent provisions of that circular, as amended, and as codified in the Code of Federal Regulations of the United States (1945 Supp.), are: "§ 315.46 *Payment or reissue.*   A savings bond registered in the name of one person payable on death to another  .  .  will be paid or reissued as follows: (a) *Payment to the registered owner.*   The bond will be paid to the registered owner during his lifetime upon his properly executed request as though no beneficiary had been named in the registrations.  .  . (2) The bond will also be reissued upon the duly certified request of the registered owner, together with the duly certified consent of the designated beneficiary, to eliminate such beneficiary, or to substitute another person as beneficiary, or to name another person as co-owner.  .  .  (c) If the registered owner dies without having presented and surrendered the bond for payment or authorized reissue and is survived by the beneficiary, upon proof of such death and survivorship, the bene-

ficiary will be recognized as the sole and absolute owner of the bond, and payment or reissue, as though the bond were registered in his name alone, will be made to such survivor. . . § 315.45 *Payment or reissue.* A savings bond registered in the names of two persons as co-owners. . . will be paid or reissued to either as follows: (a) *Payment during the lives of both co-owners.* During the lives of both co-owners the bond will be paid to either co-owner upon his separate request without requiring the signature of the other co-owner; and upon· payment to either co-owner the other person shall cease to have any interest in the bond. The bond will also be paid to both co-owners upon their joint request. . . (c) *Payment or reissue after the death of one co-owner.* If either co-owner dies without the bond having been presented and surrendered for payment or authorized reissue, the surviving co-owner will be recognized as the sole and absolute owner of the bond and or reissue, as though the bond were registered in his name alone, will be made only to such survivor . ." By the express terms of the bonds and the regulations under which they were issued, the plaintiff is the sole owner of the bonds in which she was designated the beneficiary and is also the sole owner of the bonds in which she was designated co-owner, after the death of her husband, where the bonds have not been reissued or paid prior to the husband's death. See *Knight* v. *Wingate,* 205 *Ga.* 133 (52 S. E. 2d, 604). In the *Knight* case the Supreme Court held that by virtue of the contractual relationship between the Federal government and the owner of the bonds, which was created upon the issuance of the bonds, the Federal government assumed a duty to each of the co-owners (and the same would be true as to a beneficiary) to pay the proceeds thereof to such co-owners (or beneficiary) according to the terms of that contract, one of the terms thereof being that when the owner of the bond died and the co-owner (or beneficiary) survived him, the full proceeds of the bonds would be paid to the co-owner (or beneficiary). Under that ruling the co-owner (or beneficiary) is held to be entitled to the bonds by virtue of the contractual relationship between the owner and the government on the theory of the rights of third parties beneficiary under Code, § 20-306. The defendant, however, defends in this action of

trover upon the ground that while the holding in the *Knight* case may be correct, the plaintiff in this case disposed of her interest as a third party beneficiary in the bonds when she entered into the property settlement contract with Baker prior to the divorce of the two. The material provision of the contract is: "This said settlement of alimony is hereby accepted by the wife as a full release and quittance of any and all liability, present and future, insofar as any alimony or property adjustment between them is concerned, and the said wife specifically waives and renounces any right of dower or year's support in the estate of the husband." This provision of the contract clearly extinguished any and all claims of the plaintiff against the estate of her husband which arose by virtue of. the marital relationship. Her interest, as beneficiary, in the bonds is in no way dependent upon her marital status, or upon her status as an heir-at-law of her husband prior to her divorce. Her interest arises by virtue of the contractual relationship between the husband and the Federal government. The husband is presumed to know upon what conditions and terms the bonds would be paid in the event of his predeceasing the named beneficiary. He took no steps to cash the bonds, or to have the beneficiary changed, and no mention of the bonds is made in the property settlement agreement. While it is true he had complete dominion and control of the bonds prior to his death, and the bonds, during that time, constituted an asset of his estate, and the plaintiff's interest during his life was only a defeasible contingent interest, the moment of his death, the plaintiff's interest became an absolute indefeasible interest and just as the proceeds of an insurance policy, payable to a named beneficiary, becomes no part of the deceased insured's estate, but are the property of the beneficiary, the bonds or proceeds from them, became the property of the plaintiff beneficiary in this case. See *Loyd* v. *Loyd,* 203 *Ga.* 775 (48 S. E. 2d, 365); *Bennett* v. *Rosborough,* 155 *Ga.* 265 (116 S. E. 788); *Pate* v. *Citizens & Southern National Bank,* 203 *Ga.* 442 (47 S. E. 2d, 277).

For the reasons stated above, the evidence authorized the verdict and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*