**Marvin MILLER and Covina Publishing, Inc., a corporation, dba Collectors Publications, Plaintiffs-Appellants,**

v.

**WESTERN BOARD OF ADJUSTERS, INC., a California corporation, Andres Alonso, Jr., and Edgar L. Shiffirn, Defendants-Appellees.**

No. 23717.

United States Court of Appeals, Ninth Circuit.

May 20, 1970.

Burton Marks, of Marks, Sherman & London, Los Angeles, Cal., for appellants.

Barnard F. Klein, Beverly Hills, Cal., for appellees.

Before BARNES, KILKENNY and TRASK, Circuit Judges.

BARNES, Circuit Judge:

This is an appeal from a summary judgment filed under Rule 56, Fed.R. Civ.P., granted to appellees on the ground "the action has no merit." (C. T. 24.)

Appellees' motion was, in accordance with local rules of Court of the Central District of California, accompanied by a proposed summary judgment, and proposed findings of fact and conclusions of law (C.T 39–42) as required by Local Rule 3(g), par. 1, and two affidavits from two defendants.

The two affidavits filed by the appellees related the institution of the state court action to collect the debt allegedly due, and flatly denied any knowledge of,

or the existence of, any conspiracy or course of conduct, or contact between police and the appellees with respect to the collection methods pursued by the appellee corporation. This was served on appellants on July 8th, 1968, by mail.

Local Rule 3(g), par. 2 requires any party opposing the motion for summary judgment to file their opposition, including "a concise statement of genuine issues."

Appellants were granted time to file "supportive documents" by order of court on August 12, 1968. On August 19th, 1968, appellants filed "Reasons and Points and Authorities in opposition to * * * Motion for Summary Judgment" (C.T. 52–68), and the affidavit of Marvin Miller (C.T. 69–71). This latter affidavit totally failed to supply either a "statement of genuine issues" or reference to "all the material facts" at issue. It refers, as did the Complaint, as amended, to the existence of a state court action based on a promissory note, and certain papers allegedly seized by the police, and that thereafter attachment proceedings were instituted by appellees against appellants. Based on these facts, affiant Miller stated he "believes" that there was a conspiracy between police officers and the appellees, and relates certain supportive hearsay testimony of a third person.

On September 9, 1968, the motion for summary judgment came on for hearing, and there being no appearance on behalf of appellants, the district court, in accordance with the provisions of Local Rule 3(g), par. 3, and Rule 56 of the Fed.R.Civ.P., determined the motion for summary judgment should be granted, there being no genuine issue for trial. Thereafter, findings of fact and conclusions of law, and judgment were filed.

We affirm the granting of the motion. This appeal is only from the granting of the motion for summary judgment. (C.T. 77.) Inasmuch as we affirm, we need not reach the merits of the granting of the order to dismiss.

■ Appellants urge that "the law does not require that an adverse party, as an absolute necessity, must present counter-affidavits or discovery results in order to avoid a summary judgment," citing Lundeen v. Cordner, 356 F.2d 169 (8th Cir., March 1, 1966). This reliance is misplaced. At best, that case indicates if the moving party's affidavits are "weak," i. e., if the moving papers do not "adequately support" the motion, there may be no reason to file opposing affidavits. The opinion (p. 170) also states:

"The law is equally clear that when a moving party presents an adequately supported motion for summary judgment (as was done herein) the adverse party *must* come forward with *facts*, not allegations, which controvert the necessary facts set forth in the moving party's case. Rule 56(e) clearly spells out this duty on the sanction of suffering a summary judgment." (Emphasis added.)

This opinion on a motion to amend judgment reaffirmed the original opinion, which points out that Rule 56(e) of the Fed.R.Civ.P., as amended in 1963, provides that a person opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, *must* set forth specific *facts* showing there is a genuine issue for trial." (Emphasis added.) Lundeen v. Cordner, 354 F.2d 401 at 407 (January 5, 1966).

The first *Lundeen* opinion then concludes on this issue:

"Having completely failed to respond in any meaningful way to [movants] clear showing of the absence of a genuine issue, this amendment [the 1963 amendment of Rule 56(c)] clearly authorizes the entry of a summary judgment." (pp. 407–408)[1]

---

1. We fail to see the applicability of Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349, a case relating to due process in wage attachment actions, which was relied upon by appellants in oral argument.

A summary judgment is proper where a trial would serve no useful purpose. 6 Moore Federal Practice (2d ed. 1966) ¶ 56.23 at 2851, et seq. See generally, United States v. Gossett, 416 F.2d 565, 568 (9th Cir. 1969), cert. denied, 397 U.S. 961, 90 S.Ct. 992, 25 L.Ed.2d 253 (1970).

The judgment is affirmed.