**AETNA LIFE INSURANCE COMPANY**

**v.**

**Brenda S. HARLEY and Shirley L. Harley.**

**Civ. A. No. 17996.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Oct. 29, 1973.

---

# 1212

Carter, Ansley, Smith & McLendon, Tommy T. Holland, Atlanta, Ga., for plaintiff.

Joseph R. Bankoff, King & Spalding, Atlanta, Ga., for Shirley L. Harley.

Marion Gaines Hill, New York City, and Garland & Garland, Atlanta, Ga., for Brenda S. Harley.

## ORDER

EDENFIELD, District Judge.

The plaintiff in the captioned case has brought an action in interpleader as the stakeholder of the proceeds on an insurance policy which it had issued to John E. Harley, Sr. At the time of Harley's death, November 19, 1972, the policy was in full force and effect and the plaintiff became obligated to pay the total sum of the policy, or $30,000, to the named beneficiary. This action arose when the plaintiff found itself unable to determine the named beneficiary. At the time of Harley's death, the beneficiary designation card named Shirley L. Harley, "Relationship: Wife", as beneficiary. Shortly after Harley's death, Brenda S. Harley made claim on the plaintiff for the proceeds of the policy in the Fulton County Superior Court by virtue of her alleged status as the lawful wife of Harley. Shirley L. Harley had previously filed a claim with the plaintiff for the proceeds by virtue of her alleged status as the designated beneficiary and legal wife of Harley. The plaintiff thereupon named both claimants as defendants in this action, paid the proceeds into the registry of the court, and has since been discharged from any further proceedings. The case came before the court for a hearing on the motion of defendant Brenda S. Harley (Brenda) for partial judgment on the pleadings and the motions of Shirley L. Harley (Shirley) for summary judgment on her claim in interpleader and to strike portions of the pleadings. The plaintiff has since filed an amended motion for discharge from the action which is also before the court at this time.

*Shirley's motion for summary judgment on her claim in interpleader.*

■■ Well settled Georgia law provides that the beneficiary of a life insurance contract remains entitled to the proceeds thereunder regardless of whether the insured incorrectly described the beneficiary as his wife. Clements v. Terrill, 167 Ga. 237, 245, 145 S.E. 78, 82 (1928), and Quinton v. Millican, 196 Ga. 175, 26 S.E.2d 435 (1943).[1] Here, the insurance contract designates "Shirley L. Harley . . . Relationship: Wife" as beneficiary. The beneficiary designation card lists as the beneficiary's address that which Shirley and Harley shared at the time the contract was executed. The card also designates Shirley's birthdate as that of the spouse of the insured. Bren-

---

[1]. In *Clements*, 167 Ga. at 245, 145 S.E. at 82, the court held: "If the insurance had been made payable generally to the wife of the insured, under that general designation no one would be entitled to the insurance except his wife; but where the designation of the beneficiary as the wife of the insured is descriptive only, she being named, it is immaterial whether she is his lawful wife, or even though another person is his lawful wife. . . ."

In *Quinton*, 196 Ga. at 179, 26 S.E.2d at 437, the court held: "A regular life insurance policy, issued to a man on his own life and in favor of his paramour, may, if not otherwise invalid, be collected by her, and where she is designated by name, although the words 'whose relationship to me is that of wife' are added, she rather than his lawful wife is entitled to the proceeds."

*See also Clements,* 167 Ga. at 245–246, 145 S.E. at 83, where the court discusses with approval the decisions of several jurisdictions other than Georgia in which on factual grounds *substantially identical to those which* are presented here, the named beneficiary was found to be entitled to the insurance proceeds.

da does not dispute that Shirley and Harley were married. Brenda merely claims that the marriage was a nullity since Harley had failed to secure a divorce from her, his first wife. Thus Brenda concludes that Shirley has no standing to maintain her position in this lawsuit under the "fictitious" name of "Shirley L. Harley" and that Shirley's action should therefore be dismissed under Rule 17(a), (b), Fed.R.Civ.P. Brenda's argument is wholly frivolous and utterly without merit.[2]

Brenda next states that Shirley's name, address and birthdate appear on the beneficiary designation card through the inadvertence of Harley and/or the plaintiff and Harley's employer. Harley, of course, signed the card. Brenda has provided the court with absolutely no evidence, other than her own allegations, that Harley actually "intended" to designate her as the beneficiary.[3]

Rule 56, Fed.R.Civ.P., provides, inter alia:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

■■ Here, Shirley has presented an apparently unimpeachable claim to the insurance proceeds in question. There does not appear to be a single factual issue which need be resolved. The applicable Georgia law is unequivocal. Nonetheless, Brenda contends that summary judgment is inappropriate because of her unsupported allegations.[4] Brenda's position is absolutely without merit. "Stubborn reliance upon allegations and denials in the pleadings will not alone suffice [to defeat a motion for summary judgment], when faced with affidavits or other materials showing the absence of triable issues of material fact." 6 Moore's Federal Practice, ¶ 56.11[3], at 2170. *See* Miller v. Western Board of Adjusters, Inc., 427 F.2d 175 (9th Cir. 1970); Piper v. United States, 392 F.2d 462 (5th Cir. 1968); Liberty Leasing Co. v. Hilsum Sales Corp., 380 F.2d 1013 (5th Cir. 1967); Stephens v. Brown &

---

2. Rule 17(a) and (b) combine to require that only the real party in interest may prosecute an action and then only after his or her capacity to sue has been determined by the law of his or her domicile. Brenda is unable to refer the court to any authority that would apply Rule 17(a) and (b) to this case in such a way as to require Shirley to maintain this action under her maiden name. Nonetheless, Brenda asks the court to dismiss Shirley from the case. Brenda is simply and quite clearly wrong. She has offered no proof that a court of law, anywhere, has determined Shirley and Harley's marriage to be bigamous. Accordingly, in view of the uncontested fact that Shirley and Harley were married in Spalding County, Georgia, on October 4, 1971, Shirley remains quite free to use the name "Shirley L. Harley." *See* Ga.Code Ann. § 53–104. *Cf.* Guess v. Guess, 202 Ga. 364, 366, 43 S.E.2d 326, 328 (1947). Moreover, in view of Harley's death the question of bigamy might very well be moot. Finally, since the court has never experienced any difficulty in identifying the real parties in interest in this case, which is all that Rule 17(a) and (b) requires, proof of bigamy is irrelevant in the face of the well-established precedent in Georgia which mandates that Shirley, as the named beneficiary, should take the insurance proceeds. *See* fn. 1, *supra*, and accompanying test.

3. Indeed, in a deposition taken by counsel for Shirley, Brenda admits: she has no independent evidence to support her allegations; she had no contact with Harley after November of 1970; and she had no knowledge as to Harley's mental state on the date he executed the insurance contract, December 27, 1971. Deposition of Brenda Harley, at pp. 68, 74–75. On the other hand, Shirley has provided the court with the affidavit of a witness to Harley's execution of the contract.

4. Brenda also contends that since the beneficiary designation card lists "Beneficiary: Shirley L. Harley . . . Relationship: Wife", Harley's intention must have been to name Brenda a beneficiary, as she was his only lawful wife, to share equally with Shirley. Brenda's argument is at least incredible. Other than this, however, it does not merit further comment.

Root, Inc., 338 F.Supp. 680 (W.D.La. 1971), aff'd, 5 Cir., 455 F.2d 1383. It is clear to the court that Shirley is the person designated as beneficiary under the policy in question. This is apparent on the face of the beneficiary designation card. The affidavit of a witness to the execution of that card supports the uncontested fact that Harley signed the card and Shirley's assertions that it was she whom Harley intended to designate. It is difficult to imagine a case where summary judgment could be more appropriate.

### Shirley's motion to strike.

At the hearing, Shirley stated that she would withdraw her motion to strike in the event that her claim in interpleader was granted. Accordingly, Shirley's motion to strike is hereby dismissed.

### Brenda's motion for partial judgment on the pleadings.

Brenda has moved the court for a partial judgment on the pleadings. The motion is made to counter Shirley's cross-claim for damages.

The cross-claim states a cause of action in tort alleging that Brenda wilfully and intentionally interfered with Shirley's right to the insurance proceeds by filing a groundless claim to the proceeds in the state courts of Georgia against the plaintiff. Shirley states that because of Brenda's lawsuit, the plaintiff filed this action in interpleader. As damages, Shirley asks for attorneys' fees, costs, interest on the insurance proceeds from the date that Brenda filed her state action, and that any award of plaintiff's attorneys' fees and costs be taxed to Brenda. Simply stated, the question before the court is whether Brenda's presence in this litigation amounts to tortious interference with Shirley's right to the insurance proceeds.

Shirley's cross-claim is based on Ga. Code Ann. § 105-1401:

"The right of enjoyment of private property being an absolute right of every citizen, every act of another which unlawfully interferes with such enjoyment is a tort for which an action shall lie."

The Georgia courts have held that:

"It is actionable maliciously or without justifiable cause to induce one to break his contract with another to the damage of the latter . . . (citations omitted) . . . The theory of this doctrine is that the parties to a contract have a property right therein, which a third party has no more right maliciously to deprive them of, or injure them in, than he would have to injure their property. Such an injury amounts to a tort for which the injured party may seek compensation by an action in tort for damages.

"An examination of the authorities . . . will show that the term 'malicious' or 'maliciously' means any unauthorized interference, or any interference without legal justification or excuse. Personal ill will or animosity is not essential." Luke v. DuPree, 158 Ga. 590, 591–592, 124 S.E. 13, 16 (1924).

In Piedmont Cotton Mills, Inc. v. H. W. Ivey Construction Co., 109 Ga.App. 876, 879–880, 137 S.E.2d 528, 531 (1964), the court, commenting on the scope of the tort alleged in the cross-claim here, stated, "Interference of that type constitutes an actionable tort which embraces within its scope all intentional invasions of contractual relations. . . ." See also Studdard v. Evans, 108 Ga.App. 819, 135 S.E.2d 60 (1964).

■ Georgia law provides that the named beneficiary in a life insurance policy becomes vested with title to the insurance proceeds upon the death of the insured. Loyd v. Loyd, 203 Ga. 775, 48 S.E.2d 365 (1948); Wilbur v. Bankers Health & Life Insurance Co., 208 Ga. 401, 66 S.E.2d 918 (1951). Cf. Franklin v. Pope, 81 Ga.App. 729, 59 S.E.2d 726 (1950). Thus, while it does not appear that a Georgia court has ever been presented with the question, it would seem that malicious interference with

the right of a named beneficiary to insurance proceeds would fall within the scope of tortious interference with contractual relations. However, it does not necessarily follow that one commits a tort by filing a lawsuit, regardless of its merit, in which claims are made to insurance proceeds for which another is the named beneficiary. Moreover, Shirley has failed to show the court any authority which would require or even suggest such a result.

Accordingly, Brenda's motion for a partial judgment on the pleadings is granted and Shirley's cross-claim is hereby dismissed.[5]

### Amended motion to discharge the plaintiff

■■ The plaintiff, Aetna Insurance Company, seeks to amend its original motion for discharge from this action in interpleader and moves that it be awarded out of the fund deposited in court its attorneys' fees and costs. Such an award is generally thought appropriate "because the retention of counsel has in all likelihood been necessitated not because of the stakeholder's wrongdoing but rather because he is the mutual target in a dispute which is not of his own making." 3A Moore's Federal Practice, ¶ 22.16[2], at 3147. Clearly, however, taxing the fund for the stakeholder's attorneys' fees and costs lies solely in the sound discretion of the court. *Id.* at 3144–3156.

Here the plaintiff was faced with two adverse claims to the fund which it held. Acting in good faith the plaintiff as a stakeholder exercised its right to institute this action in interpleader and avoid the vexation and expense of resisting the adverse claims. Nonetheless, the court is convinced that had plaintiff conducted the slightest investigation of the claims upon the fund, it could only have concluded that Brenda's claim was without merit. Hence, just as plaintiff now claims that its role was merely that of an innocent stakeholder, it is abundantly clear that Shirley has never been less than correct in her claim that she is entitled to the fund. Under these circumstances, extraordinary only because of the absolute lack of merit in Brenda's claim, the court can find no justification in taxing the fund for plaintiff's attorneys' fees and court costs. What scant authority there is on point indicates that attorneys' fees and costs are properly denied where it is found that a stakeholder initiated the interpleader process upon the claim of the party entitled to the fund only to later discover the lack of merit in the claim of the adverse party. Paul Revere Life Insurance Co. v. Riddle, 222 F.Supp. 867 (E.D.Tenn.1963); *cf.* John Hancock Mutual Life Insurance Co. v. Beardslee, 216 F.2d 457 (7th Cir. 1954). Here, plaintiff filed its action in interpleader after Brenda, the party without a bona fide claim to the fund, had instituted her state action. Although this may slightly distinguish the instant case from the most analogous reported situation in which the stakeholder's attorneys' fees and costs have been denied, the court is not persuaded that its dis-

<hr>

5. In West Coast Life Ins. Co. v. Twogood, 83 F.Supp. 710 (S.D.Cal.1949), the court held that dismissal of a cross-claim in tort was proper where the beneficiaries of a life insurance policy alleged that the executrix of the insured's estate caused the insurer to pay the proceeds into court in an interpleader action pending the payment of estate taxes. The court ruled that there were no grounds for the position of the executrix but indicated that liability, if any, for interest on the proceeds would only lie with the insurance carrier for its failure to pay or because it deposited the money into court. *Id.* at 713. The reasoning in *West Coast Life* seems applicable

here. It was the plaintiff's decision, reached presumably in good faith on the basis of the conflicting claims to the stake herein, to file this action in interpleader and pay the proceeds into the registry of court rather than pay Shirley. For several reasons which need not be stated for purposes of this decision, the federal courts have allowed stakeholders liberal access to the interpleader process generally on the mere allegation of fear that adverse claims and indeed that merely *potentially* adverse claims are or may be made to the stake. *See* 28 U.S.C. § 1335(a); 3A Moore's Federal Practice, ¶ 22.02.

cretion would be abused in refusing the plaintiff access to the deposited fund for its attorney's fees and ordinary court costs.

Ordered accordingly.

*Summary*

1. Shirley L. Harley's motion for summary judgment on her claim in interpleader is granted. The Clerk, upon receipt of this order, shall turn over to Mrs. Shirley L. Harley the sum of $30,000.00, that is, the amount deposited by plaintiff into the registry of the court in initiating this action.

2. Shirley L. Harley's motion to strike is dismissed.

3. Brenda S. Harley's motion for judgment on the pleadings is granted, and Shirley L. Harley's cross-claim is dismissed.

4. Aetna Insurance Company's motion to amend its discharge from the litigation to allow an award of its attorneys' fees and ordinary court costs from the deposited fund is denied.